■ THOMAS L. CLARK, Respondent, v CARVER FEDERAL SAVINGS BANK, Appellant, et al., Defendants. [747 NYS2d 490] ■

Plaintiff is the former president of defendant Carver Federal Savings Bank (the Bank). As here pertinent, plaintiff's employment agreement provided that, in the event the Bank terminated his employment for a reason other than "cause" before the agreement expired by its terms, plaintiff would be entitled to certain severance benefits, subject to the agreement's provision that any payments to be made to plaintiff were "subject to and conditioned upon their compliance with Section 18 (k) of the Federal Deposit Insurance Act * * *, 12 U.S.C. § 1828 (k), and any regulations promulgated thereunder." Such regulations prohibit a financially troubled federally-insured depositary institution, such as the Bank, from making a severance payment or other "golden parachute payment" (12 CFR 359.1 [f]) to a terminated executive unless the Office of Thrift Supervision (OTS) approves the payment upon receiving the institution's certification that it "does not possess and is not aware of any information, evidence, documents or other materials which would indicate that there is a reasonable basis to believe" that the executive has engaged in enumerated kinds of disqualifying conduct (12 CFR 359.4 [a] [4]), including being "substantially responsible for * * * the troubled condition" of the institution (12 CFR 359.4 [a] [4] [ii]).

In January 1999, the Bank terminated plaintiff without giving any reason for the termination. By letter dated March 29, 2001, the Bank requested that OTS make a determination as to whether the Bank could lawfully pay plaintiff's contractual severance benefits. The letter stated that the Bank's board could not, "in good conscience, provide the certification required

under 12 CFR § 359.4 (a) (4) or otherwise support this application." This conclusion was supported by a description of certain facts from which it could be inferred that deficiencies in plaintiff's management of the Bank's business materially contributed to the Bank's financial difficulties. OTS responded by letter dated May 31, 2001, rendering a determination that payment of plaintiff's severance payments was prohibited by the applicable regulations.

Plaintiff commenced this action to recover the severance benefits provided by his employment agreement. In lieu of answering the complaint, the Bank moved to dismiss pursuant to CPLR 3211 (a) (1) and (7). In support of the motion, the Bank submitted, among other things, its March 29, 2001 letter to OTS and OTS's May 31, 2001 letter in response. Supreme Court denied the motion. We now reverse.

To be relieved of the obligation to pay severance benefits, the Bank is not required to demonstrate conclusively that plaintiff was actually responsible for its troubled condition, or that he engaged in other disqualifying conduct. All the Bank is required to establish is that it has information providing a reasonable basis to believe that plaintiff engaged in disqualifying conduct, thereby rendering the Bank unable to make the certification required to obtain OTS's consent to payment of the severance benefits. The correspondence submitted by the Bank establishes that it has such information. While plaintiff disputes the conclusion that he engaged in conduct that would disqualify him from receiving severance benefits, he does not dispute the underlying facts referenced in the Bank's March 29, 2001 letter, which made it impossible for the Bank to give OTS the required certification. In any event, given the requirement for OTS approval of severance payments and OTS's refusal to give such approval, plaintiff cannot obtain the severance payments in this action, to which OTS is not even a party. We further note that amending the complaint to seek recovery of the salary plaintiff would have earned from the time he was terminated through the expiration of the term of the employment agreement, rather than contractual severance benefits, would not avoid the requirement of OTS approval, since such damages would also fall within the regulatory definition of a "golden parachute payment" (see 12 CFR 359.0 [b]; 359.1 [f]). Finally, since the Bank did not terminate plaintiff for cause, the provisions of the employment agreement requiring the Bank to provide plaintiff with notice and an opportunity to be heard in the event of a termination for cause were inapplicable. Concur—Buckley, J.P., Sullivan, Lerner and Friedman, JJ.